IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 20-CR-285-JED |
| | ) |
| SERVANDO ESPINOZA-DE PAZ, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

# ORDER

The Court has for its consideration the Unopposed Motion to Declare this Case a Complex Matter and Extend Deadlines ("Motion") (Doc. 122) filed by Defendant Servando Espinoza-De Paz. Defendant requests in the Motion that the Court strike the current scheduling order and extend all scheduling order dates by 120 days. Defendant is joined in his request by co-defendants Marco Dewayne Phillips, Alicia Kozikuski, Joseph Rodriguez, Daniel Hilger, Daniel Bowers, Orville McCalister, Jennifer Gallagher, Allen Goff, Dustin Hughart and Kevin Hill. *Id.* Ten of the remaining co-defendants have either not been arraigned or their attorneys have not represented their positions on the requested relief. *Id.* at 2. Defendant Samuel Gaona Gonzalez maintains his right to a speedy trial. *Id.* On November 16, 2020, the grand jury returned a ten-count Indictment charging twenty-two (22) defendants with multiple counts of drug conspiracy, possession of methamphetamine with intent to distribute and possession of heroin with intent to distribute. (Doc. 5). On December 11, 2020, the Court entered a scheduling order setting the jury trial in this matter for January 19, 2021. (Doc. 129). Mr. Espinoza-De Paz asks the Court to declare this matter a complex case under §§ 3161(h)(7)(A) and (h)(7)(B)(ii) of the Speedy Trial Act. These sections permit a federal district court to exclude any period of delay resulting from

a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interests of the defendants and the public. *Id.* The statute permits a court to consider whether "the failure to grant such a continuance. . .would deny counsel for the defendant[s] or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv). A court may also consider whether "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act.]" *Id.* at § 3161(h)(7)(B)(ii). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." *United States v. Williams,* 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In *United States v. Toombs,* 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." *Id.* at 1271. This requires the parties to provide specific information about the need for a continuance and the district court may need to hold a hearing before granting an ends of justice continuance. *Id.* at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the

2

requirements of the Speedy Trial Act. *Id.* at 1273.

Here, counsel for Mr. Espinoza-De Paz has provided the specific information to the Court that is required for an "ends of justice" continuance. For instance, as Defendants state in the Motion, the Indictment alleges a drug conspiracy explicated in ten counts and one forfeiture allegation against all twenty-two Defendants, which encompasses a 14-month time period. Further, many of the Defendants do not speak English and will therefore require the assistance of interpreters to communicate with their attorneys. Finally, the volume of discovery in this case is large and includes three (3) wiretaps containing several thousand recordings and over a thousand pages of reports from numerous law enforcement agencies.1   (Doc. 122 at 3).   Thus, the Court finds Mr. Espinoza-De Paz's request to declare this matter a complex case under §§ 3161(h)(7)(A) and (h)(7)(B)(ii) to be reasonable due to the foregoing reasons.

The Court must also consider the public's interest in a speedy trial, because the public has an independent interest in the prompt prosecution of criminal matters, even apart from the defendants' interest in receiving a speedy trial. *Zedner v. United States,* 547 U.S. 489, 501 (2006). The Court finds that strict compliance with the Speedy Trial Act's 70-day deadline would subvert the public's interest in a fair trial of this case.  While the public has a strong interest in a speedy trial of all criminal cases, this interest must be balanced against Defendants' interest in having adequate time to prepare for trial.  Under these circumstances, Defendants' interests in having adequate time to review discovery and prepare for trial outweighs the public's interest in a speedy trial and the public's interest in a speedy trial will not be subverted by granting the request to

---

1 As of the filing of the Motion, Defendants had not received discovery from the government. (Doc. 122 at 3).

declare the matter complex under the Speedy Trial Act.

Finally, as noted above, numerous Defendants have either not been arraigned or their attorneys did not take a position on the Motion, and one Defendant, Samuel Gaona Gonzalez, expressly maintains his right to a speedy trial. While the Court does note the fact that not every Defendant signed on to the Motion, such unanimity is not required. *See United States v. Thomas*, 774 F.2d 807, 810 (7th Cir. 1985) (finding no abuse of discretion when district court granted continuance in complex case without the consent of one defendant).

Accordingly, the Court finds that the case should be declared complex and a continuance should be granted.

**IT IS THEREFORE ORDERED** that Mr. Espinoza-De Paz's unopposed Motion requesting the Court to declare this matter complex (Doc. 122) is granted.  The case is declared complex.   All deadlines in the scheduling order (Doc. 90) are stricken.

**IT IS FURTHER ORDERED** that the following scheduling order will be in effect:

| | |
|---|---|
| Motions due: | April 9, 2021 |
| Responses due: | April 23, 2021 |
| **PT/CP/Motions Hearing:** | **May 3, 2021 at 9:30 a.m.** |
| Voir dire, jury instructions and trial briefs due: | May 10, 2021 |
| **Jury Trial:** | **May 17, 2021 at 9:30 a.m.** |

**IT IS FURTHER ORDERED** that the time from January 19, 2021 to May 17, 2021, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

DATED this 30th day of December, 2020.

                                                                                          _____
                                                                                          JOHN E. DOWDELL, CHIEF JUDGE
                                                                                          UNITED STATES DISTRICT COURT